SAUNDERS ET AL., APPELLEES, *v.* MORTENSEN ET AL.; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, APPELLANT.

[Cite as *Saunders v. Mortensen,*
101 Ohio St.3d 86, 2004-Ohio-24.]

(No. 2002–2138—Submitted October 21, 2003—Decided January 21, 2004.)

---

LUNDBERG STRATTON, J.

{¶ 1} The legal issue before us, certified as a conflict by the Court of Appeals for Erie County, involves construction of a contract endorsement for uninsured/underinsured motorist insurance. We determined that a conflict existed, and we ordered the parties to brief the following issue as stated by the court of appeals:

{¶ 2} "The question presented is whether the language of Nationwide Insurance Endorsement 2352 may be reasonably construed in the manner articulated by [the Erie County Court of Appeals in *Saunders v. Mortensen*, Erie App. No. E-02-008, 2002-Ohio-6244, 2002 WL 31528756] and the Franklin County Court of Appeals in *Nicolini–Brownfield v. Eigensee* (Sept. 16, 1999), Franklin App. No. 98AP–1244 [1999 WL 717308], so as to give rise to an ambiguity in underinsured motorists coverage." 98 Ohio St.3d 1458, 783 N.E.2d 518.

{¶ 3} Endorsement 2352 provided for uninsured and underinsured motorist coverage in an auto liability insurance policy issued by appellant Nationwide Mutual Fire Insurance Company to appellee Patrick R. Saunders. This coverage had limits of $100,000 per person and $300,000 per occurrence.

{¶ 4} In September 1995, Saunders's son, appellee Patrick Saunders II, was injured in an automobile accident caused by an underinsured motorist. Patrick Saunders II and his parents obtained a judgment against the estate of the tortfeasor, then filed this supplemental action for underinsured motorist coverage under the Nationwide policy. Appellees sought a declaration that Patrick's claim and the derivative claims of his parents constituted three separate claims subject to the policy's per-occurrence limit of $300,000.

{¶ 5} Nationwide defended on the basis that Endorsement 2352 unambiguously provided for a single, per-person limit of coverage for all persons who have sustained legal damages resulting from a single person's bodily injury, including all derivative claims.

{¶ 6} The trial court determined that the underinsured motorist claims of Patrick Saunders and his parents were covered. However, the court concluded that the endorsement's "limits of payment" section was ambiguous. The court construed the first paragraph as providing per-person coverage for any person suffering damages as a result of bodily injury; however, the second paragraph, which limits all claims as the result of bodily injury to one person to the per-person limit, "appears to take away what is given in the insuring agreement and in the first paragraph." The trial court construed the supposed ambiguity in favor of the insured and determined that appellees had three separate claims up to the $300,000 per-occurrence limit of coverage.

{¶ 7} The Court of Appeals for Erie County affirmed. The court concluded that Endorsement 2352 was reasonably susceptible of more than one interpretation and therefore ambiguous. The court's interpretation was consistent with the Franklin County Court of Appeals' interpretation of the identical provision in *Nicolini–Brownfield v. Eigensee* (Sept. 16, 1999), Franklin App. No. 98AP–1244, 1999 WL 717308.

{¶ 8} The appellate court, sua sponte, certified that its opinion conflicted with that of the Court for Appeals for Holmes County in *Carroll v. Allstate,* 148 Ohio App.3d 413, 2002-Ohio-3074, 773 N.E.2d 1061. In *Carroll,* the court concluded that the identical language clearly and unambiguously limited all claims, including derivative claims, to the single, per-person limit of the policy. The *Carroll* court expressly disagreed with the interpretation in *Nicolini–Brownfield.*

{¶ 9} The construction of a written contract is a matter of law that we review de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. Our primary role is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (1999), 86 Ohio St.3d 270, 273, 714 N.E.2d 898. We presume that the intent of the parties to a contract is within the language used in the written instrument. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. If we are able to determine the intent of the parties from the plain language of the agreement, then there is no need to interpret the contract. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920.

{¶ 10} With these principles in mind, we begin by examining the language used in Endorsement 2352. It provides that the insurer will pay for losses caused by uninsured/underinsured motorists up to the limits of liability in the policy declarations ($100,000/300,000), subject to the following limitations:

{¶ 11} "1. The bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence.

{¶ 12} "The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence.

{¶ 13} "Subject to this per-person limit, the total limit of our liability shown for each occurrence is the total amount available when two or more persons sustain

bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims arising out of bodily injury, including death, to two or more persons as a result of one occurrence."

{¶ 14} Former R.C. 3937.18(H) as amended by Am.Sub.S.B.No. 20 in 1994, 145 Ohio Laws, Part I, 204, 212, permitted automobile liability insurers to include provisions in insurance policies that consolidate all claims arising out of any one person's bodily injury into a single claim. Although a policy need not use the exact wording of R.C. 3937.18(H), the language must clearly and unambiguously consolidate such claims in order to give effect to the limit. *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 282, 744 N.E.2d 719.

{¶ 15} Nationwide contends that the courts below failed to consider or give effect to all parts of the endorsement. Nationwide cites *German Fire Ins. Co. v. Roost* (1897), 55 Ohio St. 581, 45 N.E. 1097, in support of its argument that the meaning of a contract is to be gathered from a consideration of all its parts. According to Nationwide, all paragraphs of the "limits of payment" provision of Endorsement 2352 must be read together to garner its meaning as a whole. When read in its entirety, Nationwide argues, the provision states that when only one person sustains bodily injury, the per-person limit of coverage applies regardless of how many persons have claims resulting from that bodily injury. There are no separate claims with separate limits available to anyone for derivative claims, according to Nationwide.[1]

{¶ 16} We have long held that a contract is to be read as a whole and the intent of each part gathered from a consideration of the whole. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519. If it is reasonable to do so, we must give effect to each provision of the contract. *Expanded Metal Fire–Proofing Co. v. Noel Constr. Co.* (1913), 87 Ohio St. 428, 434, 101 N.E. 348. With these principles in mind, and reading the provision in its entirety and giving effect to all parts, we agree with Nationwide that Endorsement 2352 clearly and unambiguously limits all claims derived from one person's bodily injury to the single per-person limit of the policy. The plain language of the provision states that the "bodily injury limit shown for any one person" (i.e., the single limit of $100,000) "is for all legal damages." "All legal damages" is further described to include "all derivative claims, claimed by anyone," that arise out of the bodily injury to "one person" as a result of "one occurrence."

---

1. Appellees did not file a brief.

{¶ 17} The first paragraph is supported by the plain language of the second paragraph, which unambiguously provides, "The per-person limit is the total amount available when one person sustains bodily injury * * *. No separate limits are available to anyone for derivative claims * * *." Thus, reading the provision as a whole, we are able to determine that the intent of the parties in Endorsement 2352 is to limit all claims arising out of one person's bodily injury to the single, per-person limit of the policy.

{¶ 18} We agree with the *Carroll* court that this language is not susceptible of more than one interpretation. Endorsement 2352 clearly and unambiguously consolidates all claims arising out of any one person's bodily injury into a single claim in conformity with former R.C. 3937.18(H). Consequently, our inquiry need go no further. We lack authority to interpret a contract that is unambiguous. *Foster Wheeler.*

{¶ 19} Therefore, we answer no to the certified question. The language in Endorsement 2352 does not give rise to an ambiguity. Instead, we hold that Endorsement 2352, when considered in its entirety, clearly and unambiguously limits all claims arising out of bodily injury to one person, including all derivative claims, to the per-person limit of the policy.

{¶ 20} The policy's per-person limit of $100,000 is the amount of coverage available for the claims of Patrick Saunders and his parents. The judgment of the court of appeals below is reversed.

Judgment reversed.

MOYER, C.J., O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.

---

ALICE ROBIE RESNICK, J., dissenting.

{¶ 21} I would affirm the judgment of the court of appeals below. Contrary to the majority's conclusion, Endorsement 2352 of the Nationwide policy at issue is not clear and unambiguous. As the court of appeals unanimously found, Endorsement 2352 is internally inconsistent as to whether appellees' three claims are collectively subject to the $100,000 per-person limit or whether each claim should be considered separately subject to its own $100,000 per-person limit. See, also, *Nicolini–Brownfield v. Eigensee* (Sept. 16, 1999), Franklin App. No. 98AP–1244, 1999 WL 717308 (court construing this same policy language found that it simply does not plainly state that all derivative claims are consolidated into a single claim subject to the per-person limit).

{¶ 22} "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus; *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 282, 744 N.E.2d 719. When this ambiguous policy is properly interpreted in favor of the insureds, each of appellees' claims, including the two derivative claims, is separately subject to the per-person limit of the policy, with the total of all claims subject to the per-occurrence limit. This court should affirm the judgments of the trial court and the court of appeals.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.

---

Robinson, Curphey & O'Connell, Edwin A. Coy and Evy M. Jarrett, for appellant.