JOURNAL ENTRY AND OPINION {¶ 1} The plaintiff/appellant, Musca Properties, L.L.C. ("Musca"), challenges the decision of the trial court, which affirmed the opinion of the magistrate who awarded judgment on a counterclaim to the defendant/appellee, DeLallo Fine Italian Foods, Inc. ("DeLallo"), regarding a landlord/tenant dispute. Musca contends the trial court erred by affirming the magistrate's decision wherein the magistrate misinterpreted the terms of a commercial lease agreement and awarded judgment on DeLallo's counterclaim without having sufficient evidence to support the claim. After reviewing the record and the applicable law, we affirm the decision of the trial court.
 {¶ 2} On October 22, 2001, DeLallo agreed to rent a building owned by Musca, located at 6863-6867 West 130th Street in Parma Heights, in order to conduct a domestic and imported food business. Both parties signed a comprehensive commercial lease agreement. Rent for the main store was $4,272.75 per month. As part of the lease agreement, Musca agreed to eventually replace the roof on the building that DeLallo was renting.
 {¶ 3} On July 31, 2003, the replacement of the roof on the 6863 West 130th building was begun by a contractor hired by Musca. While the roof was being replaced, it started to rain, causing the ceiling inside of the store to suddenly leak water into a refrigerated display case. DeLallo claims it had to throw away $1,485.01 worth of food products that were inside the refrigerated case because they had been contaminated by roof water. DeLallo also claims that the contractor working on the roof replacement moved the satellite dish on the building, costing DeLallo $275.53 to have the dish repositioned.
 {¶ 4} DeLallo rented another property from Musca, located at 6845 West 130th Street in Parma Heights, because it was in need of additional storage space. Musca and DeLallo agreed that the rent for this additional space would be $350 per month. It is undisputed that DeLallo failed to pay Musca rent for the months of December 2003 and January 2004.
 {¶ 5} On February 11, 2004, Musca filed a complaint in the Parma Municipal Court seeking the storage rental fee for the months of December 2003 and January 2004, totaling $700. On March 15, 2004, DeLallo filed a counterclaim seeking $1,760.54 in damages resulting from the leaking roof and subsequent food contamination and the cost of repositioning the satellite dish that had been moved by the roofers.
 {¶ 6} On March 23, 2004, after conducting a hearing, a magistrate awarded Musca $700 for the rent owed by DeLallo. The magistrate also awarded DeLallo $1,760.54 on its counterclaim for the ruined/contaminated food and for the cost of repositioning the satellite dish. The magistrate held that it was Musca's duty to maintain the roof, Musca caused the roof leak by having the roof replaced, and DeLallo could not have notified Musca of the leak in time to prevent the resulting damage.
 {¶ 7} On May 20, 2004, Musca filed a motion for findings of fact and conclusions of law with the magistrate. Musca then filed objections to the magistrate's decision with the trial court. On May 26, 2004, the trial court overruled Musca's objections and adopted the magistrate's decision in total. The trial court held that Musca put in motion the cause of the roof leak by undertaking the roof repairs. The court reasoned that this intervening cause directly led to the water leaking into the building, thereby damaging DeLallo's food products; because the water leak occurred suddenly, DeLallo could not provide written notice to Musca about the leak.
 {¶ 8} It is from this decision, affirming the award of DeLallo's counterclaim, that Musca ("appellant") brings this timely appeal alleging three assignments of error for review.
 {¶ 9} "I. The trial court erred by failing to find, as a conclusion of law or fact, that the terms and provisions of the commercial lease agreement entered into between the parties required Appellee to provide a written notice to Appellant as a condition precedent to Appellant's liability for damage occasioned by a roof leak, as well as to provide Appellant with a reasonable opportunity to perform repairs to the roof or to otherwise remedy the roof leak."
 {¶ 10} "II. The trial court erred by failing to find, as a conclusion of law or fact, that the terms and provisions of the commercial lease agreement entered into between the parties prohibited Appellee from interposing a counterclaim in Appellant's action for nonpayment of rent.
 {¶ 11} "III. The trial court erred by failing to find, as a conclusion of law or fact, that appellee offered no competent, credible evidence concerning its alleged damages."
 {¶ 12} The appellant's first and second assignments of error will be addressed together because they relate to the trial court's interpretation of the written lease. The appellant argues the trial court should not have allowed DeLallo to recover on its counterclaim given specific lease provisions which (1) limited the appellant's liability for damages to DeLallo's property due to water leaking into the building unless DeLallo first provided appellant with written notice of the defect and allowed reasonable time to make repairs; and (2) barred any filing of counterclaims when an action for nonpayment of rent was initiated by appellant.
 {¶ 13} The trial court's decision to adopt, reject or modify a magistrate's report will not be reversed on appeal unless the decision constitutes an abuse of discretion. Wade v. Wade (1996),113 Ohio App.3d 414, 419, 680 N.E.2d 1305. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 14} However, the interpretation and construction of written contracts is a question of law which is reviewed on appeal de novo.Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,74 Ohio St.3d 501, 502, 1996-Ohio-158, 660 N.E.2d 431; Nationwide Mut.Fire Ins. Co. v. Guman Bros. Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214,652 N.E.2d 684; Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus. Leases are contracts subject to the traditional rules of contract interpretation. Mark-It Place Foods v. New Plan Excel Realty Trust, Inc.
(2004), 156 Ohio App.3d 65.
 {¶ 15} The purpose of contract construction is to discover and effectuate the intent of the parties. Saunders v. Mortensen (2004),101 Ohio St.3d 86, 801 N.E.2d 452, citing Kelly v. Med. Life Ins. Co.
(1987), 31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of the syllabus. The intent of the parties is presumed to reside in the language they chose to use in their agreement. Kelly, supra. A contract is to be construed against the party who wrote it. Cent. Realty Co. v. Clutter
(1980), 62 Ohio St.2d 411, 406 N.E.2d 515.
 {¶ 16} "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander, 53 Ohio St.2d 241, 7 O.O.3d 403,374 N.E.2d 146, at paragraph two of the syllabus. Where the terms are clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,53, 544 N.E.2d 920, 923.
 {¶ 17} In the instant matter, the appellant claims that the trial court erred when interpreting section 16(d) of the written lease which states:
 {¶ 18} "NON-LIABILITY, LESSORS: Lessor shall not be liable for any damages to persons or property of Lessee or others * * * within or around the premises occasioned by reason of the construction of the premises nor for failure to keep premises in repair, unless written notice of the need for repairs which are Lessor's obligation under this lease has been given to Lessor, a reasonable time has elapsed and Lessor has failed to make such repairs. Lessor shall not be liable for any damage done or occasioned by * * * water, snow or ice being upon or coming through the roof, trapdoor, walls, windows * * *."
 {¶ 19} The appellant claims it is not liable for the food products in the display case that were ruined by the leaking roof water because DeLallo failed to provide it with written notice of the water leak and give it reasonable time to repair the leak.
 {¶ 20} Mr. Panko, DeLallo's representative, testified at the arbitration hearing that the heavy downpour was sudden; the contaminated roof water accumulated in the drop ceiling of the store and just poured into the refrigerated display case. Panko testified that the food products in the refrigerated case were instantly ruined. Given the facts of this case, we find that the appellant's contract provision does not apply as a condition precedent to recovery for DeLallo.
 {¶ 21} First, the roof repairs that caused the "defect" that led to the roof water pouring into the refrigerated case were initiated by the appellant. The appellant hired the contractor, who failed to properly cover or protect the roof from a heavy downpour. Second, since the "defect" was corrected by the contractor, by finishing the roof replacement, no written notice of the roof leak had to be provided to the appellant. The appellant's lease provision did not require DeLallo to provide it with notice of damaged property, but only to inform it of defects needing repair.
 {¶ 22} Since the defect was caused by the actions of the appellant, and the damage caused by the roof water was instantaneous, we find that the trial court did not abuse its discretion in finding appellant liable for damages caused by the roof leak. The appellant's first assignment of error is overruled.
 {¶ 23} In its second assignment of error, the appellant argues that the trial court misinterpreted another clause of the lease agreement, which prohibits a lessee from initiating a counterclaim when the lessor files an action for the nonpayment of rent. The appellant claims that the trial court should not have considered DeLallo's counterclaim and requests that the award be vacated.
 {¶ 24} Section 27 of the lease agreement states:
 {¶ 25} "WAIVER OF TRIAL BY JURY. It is mutually agreed by and between Lessor and Lessee that the respective parties * * * do waive a trial by jury in any action, proceeding or counterclaim brought by either of the parties * * * on matters arising out of or in any way connected with this lease * * * It is further mutually agreed that in the event Lessor commences any summary proceeding for nonpayment of rent, Lessee will not interpose any counterclaim of whatever nature or description in any such proceeding."
 {¶ 26} We refuse to enforce the appellant's clause, finding that it is in conflict with the Ohio Rules of Civil Procedure. Civ.R. 13 states that compulsory counterclaims must be pled if they arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Permissive counterclaims should also be filed against a landlord in order to streamline the litigation process and prevent overloaded dockets. Any contract clause which interferes with this court process would be declared unenforceable.
 {¶ 27} The appellant's second assignment of error is overruled.
 {¶ 28} In its third assignment of error, the appellant claims the trial court erred by awarding DeLallo $1,760.54 on its counterclaim when DeLallo failed to produce competent and credible evidence supporting the award.
 {¶ 29} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, at the syllabus. The trial court is in the best position to weigh the credibility of the proffered testimony, thus an appellate court is guided by the presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273. This is because the trier of fact observes the witnesses and their demeanor, gestures, and voice inflections, making the fact finder the best judge of credibility. Seasons Coal Co., supra. The Ohio Supreme Court has found that this test applies to questions of sufficiency as well and that an appellate court may not substitute its judgment for that of the trial court. Columbia Oldsmobile, Inc. v.Montgomery (1990), 56 Ohio St.3d 60, 564 N.E.2d 455.
 {¶ 30} In the instant matter, Mr. Panko testified that he created a "food waste sheet" immediately following the roof leak incident. Panko stated that the list contained all the food items that were thrown away as a result of the roof leak. The sheet listed the weight and cost of each item. Panko also supplied an invoice from Concord Computing Corporation, which repositioned the satellite dish that had been moved by the roofers. The appellant claims that the evidence of the food loss was not sufficient because DeLallo failed to present invoices demonstrating the cost of the food items.
 {¶ 31} We find the evidence submitted by DeLallo, along with the testimony of Mr. Panko, to be more than sufficient, competent and credible evidence of the cost of the food loss. The magistrate was in the best position to assess the credibility of the witnesses. No evidence in the record contradicts DeLallo's claimed loss. The appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Cooney, J., concur.