McCLURE et al., Appellants,

v.

WEST AMERICAN INSURANCE COMPANY et al., Appellees.

[Cite as *McClure v. W. Am. Ins. Co.*, 161 Ohio App.3d 187, 2005-Ohio-2747.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1265.

Decided June 3, 2005.

Steven Collier and Anthony Turley, for appellants.

Timothy James and Lorri Britsch, for appellees.

PARISH, Judge.

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas, which granted appellee, West American Insurance Company ("West American"), summary judgment and denied appellants' motion for partial

summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

{¶ 2} On appeal, appellants set forth a single assignment of error:

{¶ 3} "The trial court erred when it denied plaintiffs' motion for partial summary judgment and instead granted summary judgment in favor of defendant West American Insurance Company."

{¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On December 18, 1998, appellant's son, Robert McClure Jr., was a passenger in a motor vehicle involved in a collision with a tractor trailer in Henry County, Ohio. Appellant's son suffered fatal injuries. The tortfeasor's insurer tendered its policy limits of $25,000. Appellants' insurer, West American, paid $75,000 in underinsured-motorist ("UIM") benefits.

{¶ 5} On December 5, 2000, appellants filed a complaint for declaratory judgment. On December 15, 2000, appellants filed an amended complaint against West American. On July 17, 2001, West American filed for summary judgment. On March 19, 2004, appellants filed a motion for partial summary judgment asserting that the West American policy was ambiguous regarding UIM coverage limits. On August 18, 2004, the trial court denied appellants' motion for partial summary judgment and granted appellee's motion for summary judgment. Appellants filed a timely notice of appeal on September 13, 2004.

{¶ 6} We note at the outset that an appellate court reviews the trial court's granting of summary judgment de novo, applying the same standard used by the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can conclude only that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 7} In their sole assignment of error, appellants assert that the trial court erred when it granted summary judgment to appellee and denied appellants' motion for partial summary judgment. In support, appellants claim that the West American policy was ambiguous regarding UIM coverage limits. This argument is based upon the content of the declarations page of the policy. Specifically, the declarations page establishes uninsured-motorist ("UM") coverage limits of $100,000 per person and $300,000 *per accident.* The declarations page also contains a second column labeled "UIM." This section is blank. Appellants assert that the policy is ambiguous regarding UIM coverage limits due to the blank UIM entry on the declarations page.

{¶ 8} The construction of a written contract is a matter of law subject to review de novo. *Saunders v. Mortensen,* 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, at ¶ 9. The fundamental role of the court in interpreting a disputed contract is to ascertain and give effect to the intent of the parties. It is presumed that the language of a contract embodies its intent. When intent can be plainly determined from the language utilized in the agreement, there is no need to interpret the contract. Id., citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920.

{¶ 9} Conversely, if the language is reasonably susceptible of more than one interpretation, the ambiguity is construed strictly against the insurer in favor of the insured. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus; *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 282, 744 N.E.2d 719. In order to analyze a claimed ambiguity, the contract must be read as a whole and the intent of each party must be gathered from a consideration of the whole. *Saunders,* 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, at ¶ 16.

{¶ 10} The controversy in this matter is the alleged ambiguity of the UIM coverage limits. Appellants contend that the UIM limits are ambiguous based upon the blank UIM space on the second page of the declarations and must be interpreted to impose $300,000 *per-person* UIM coverage limits. In response, appellee maintains that the policy, read and interpreted as a whole, is unambiguous and establishes UM/UIM per-person limits of $100, 000.

{¶ 11} This court has reviewed the policy as drafted in its entirety. The language of *this policy expressly defines UM coverage to encompass both UM and UIM.* Part C of the insurance policy, entitled "Uninsured Motorist Coverage–Ohio," clearly states: " ' Uninsured Motor Vehicle' means the land motor vehicle or trailer of any type:

{¶ 12} "1. To which no bodily injury liability bond or policy applies at the time of the accident.

{¶ 13} "2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the limit of liability for this coverage."

{¶ 14} Thus, the plain language of the policy regarding Ohio UM coverage unequivocally defines uninsured-motorist coverage (UM) to include underinsured-motorist coverage (UIM). Additional policy language clearly establishes a UM (defined by the policy as UM and UIM) per-person maximum coverage limit. The UM schedule states in part: "Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Uninsured Motorist Coverage is our maximum limit of liability for all damages

for 'bodily injury' resulting from any one accident. This is the most we will pay regardless of the number of:

{¶ 15} "1. Insureds;

{¶ 16} "2. Claims made;

{¶ 17} "3. Vehicles or premiums shown in the Declarations; or

{¶ 18} "4. Vehicles involved in the accident."

{¶ 19} The UM and UIM limits can be identified by the insured by reference to either the schedule or the declarations. The schedule did not contain the coverage limits. Thus, the insured is instructed to refer to the declarations. The declaration page clearly sets UM coverage (applicable to both UM and UIM, given the policy UM definition) limits to be $100,000 per person and $300,000 per accident.

{¶ 20} In support of their ambiguity claim, appellants rely upon our decision in *Sroga v. Auto–Owners (Mutual) Ins. Co.* (June 14, 1991), 6th Dist. No. L–90–173, 1991 WL 106066. Our decision in *Sroga* is distinguishable from and immaterial to this case. In *Sroga*, we found the language of an intrafamily exclusion within an uninsured-motorist coverage provision to be ambiguous and confusing. *Sroga* is not relevant to the issue under review.

{¶ 21} In addition, appellants rely upon *Fiorentino v. Lightning Rod Mut. Ins. Co.* (1996), 114 Ohio App.3d 188, 682 N.E.2d 1099. We find *Fiorentino* similarly unpersuasive. Although an ambiguity was found in *Fiorentino*, it pertained to policy language regarding permissible assignability. This is not material to the matter under review.

{¶ 22} Prevailing Ohio case law holds that a contract must be read as a whole and the intent of each section must be derived from consideration of the whole. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 678 N.E.2d 519. The UM definition language of Part C, the per-person-maximum language of the UM limits schedule, and the declarations, read together, clearly establish a UIM per-person coverage limit of $100,000. In our view, there is no conflict or ambiguity when reading the contract as a whole.

{¶ 23} Payment tendered for UIM coverage in the amount of $75,000 was in conformity with the language and the intent of the policy. We need not interpret an unambiguous contract.

{¶ 24} On consideration whereof, this court finds no genuine issue of fact remaining and, after considering the evidence presented in the light most favorable to appellant, appellee is entitled to summary judgment as a matter of law. Appellants' assignment of error is not well taken.

{¶ 25} The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of these proceedings are assessed to appellants.

Judgment affirmed.

SINGER, P.J., and SKOW, J., concur.