[Cite as *Grange Mut. Cas. Co. v. Buckeye Lake Marina, Inc.*, 2011-Ohio-6465.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| GRANGE MUTUAL CASUALTY COMPANY | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | |
| -vs- | : | Case No. 2011-CA-00027 |
| BUCKEYE LAKE MARINA, INC. | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County Court
                             of Common Pleas, Case No. 2010-CV-585

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 8, 2011

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee


STEVEN J. ZEEHANDELAR                LES CHAMBERS
Zeehandelar Sabatino & Associates, LLC   825 N. Houlk Road, Ste. 304
471 E. Broad St., Ste. 1200          Delaware, OH  43015
Columbus, OH 43215

ALESSANDRO SABATINO, JR.
Zeehandelar Sabatino & Associates, LLC
471 E. Broad St., Ste. 1200
Columbus, OH 43215

*Gwin, P.J.*

{¶ 1} Plaintiff-appellant Grange Mutual Casualty Company appeals a summary judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of defendant-appellee Buckeye Lake Marina, Inc. Appellant assigns a single error to the trial court:

{¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE, BUCKEYE LAKE MARINA, INC., BASED SOLELY ON THE EXCULPATORY CLAUSE CONTAINED IN THE WORK ORDER PROVIDED BY APPELLEE TO APPELLANT'S INSURED, STANLEY AUGSBURGER."

{¶ 3} The trial court found the following facts were undisputed. Grange's insured, Stanley Augsburger, took his boat and towing trailer to the Marina's premises in August 2009 for repair work. Augsburger signed a service order which provided:

{¶ 4} "I hereby authorize the above repair work to be done along with the necessary materials. You and your employees may operate the unit herein described on any waterways or elsewhere for purposes of testing, inspection, or delivery at my risk. An express mechanic's lien is acknowledged on above the unit to secure the amount of repairs thereto. It is also understood that you will not be held responsible for loss or damage to the unit (or articles left in or with the unit) in case of fire, theft, accident, inclement weather conditions or any other cause beyond your control."

{¶ 5} At sometime during the period when the boat and trailer were on the Marina's premises, they were stolen and have not been recovered. The court found the Marina's premises are lighted, but has no security personnel. However, the owner and his family irregularly patrol the grounds.

**{¶ 6}** The service order is a contract between the Marina and Augsburger, and the trial court must construe the language as a matter of law. *Leber v. Smith*, 70 Ohio St.3d 548, 553, 1994-Ohio-361, 639 N.E.2d 1159. We review the trial court's legal determinations de novo. *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004–Ohio–24, 801 N.E.2d 452.

**{¶ 7}** First, Grange argues the language in the exculpatory clause was vague or ambiguous regarding the Marina and its agents' liability for negligence. Secondly, Grange argues the trial court erred in finding the exculpatory clause relieved the Marina of all liability for the loss of Augsburger's boat and trailer.

**{¶ 8}** The trial court correctly found this action involves a bailment, and so, when the Marina accepted Augsburger's boat and trailer, it undertook two duties: (1) to safeguard the property through the exercise of ordinary care, and (2) to return the property undamaged. Judgment Entry at Pg. 3, citing *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App. 3d 826, 621 N.E. 2d 1294. The trial court recited the elements of a claim against the bailee: (1) the existence of a bailment contract; (2) the delivery of the bailed property to the bailee; and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment. Id.

**{¶ 9}** The court found Grange had established all three elements of its cause of action, and there would be genuine issues of material fact as to whether the Marina exercised ordinary care in protecting the property. However, the trial court found the contract provision excused the Marina of liability for certain kinds of losses, including theft.

**{¶ 10}** Valid exculpatory clauses or releases constitute express assumptions of risk. *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 114, 451 N.E.2d 780. These clauses are to be strictly construed against the drafter unless the language is clear and unambiguous.

**{¶ 11}** Grange argues the exculpatory clause does not set forth clearly that the Marina would not be liable for its negligence and/or the negligence of its employees and agents. Grange maintains the exculpatory clause refers only to causes beyond the Marina's control, but the loss that occurred because of theft was not beyond the Marina's control. Grange argues the boat was not stored in a secured area of the facility, but rather in an open lot on its trailer where a thief could easily drive up, hitch the property to a vehicle and drive away.

**{¶ 12}** The trial court found the exculpatory provision specifically sets out various potential causes of loss or damage, including fire, theft, accident, and inclement weather, or any other cause beyond the Marina's control. The trial court noted that while these were beyond the Marina's control, it could take precautions to prevent or diminish damages caused by any of the stated factors. The court concluded the exculpatory clause excused the Marina from liability for any negligence in failing to take precautions to prevent damage or loss to the property.

**{¶ 13}** We find the contract language is sufficiently clear and unambiguous that the Marina would not be responsible if the boat and trailer were stolen.

**{¶ 14}** The assignment of error is overruled.

**{¶ 15}**    For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 1107

[Cite as *Grange Mut. Cas. Co. v. Buckeye Lake Marina, Inc.*, 2011-Ohio-6465.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

GRANGE MUTUAL CASUALTY
COMPANY                                   :
                                          :
              Plaintiff-Appellant         :
                                          :
                                          :
-vs-                                      :         JUDGMENT ENTRY
                                          :
BUCKEYE LAKE MARINA, INC.                 :
                                          :
                                          :
              Defendant-Appellee          :         CASE NO. 2011-CA-00027


     For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Fairfield County, Ohio, is affirmed.  Costs to appellant.


                                          _____
                                          HON. W. SCOTT GWIN

                                          _____
                                          HON. JOHN W. WISE

                                          _____
                                          HON. PATRICIA A. DELANEY