DECISION AND JUDGMENT ENTRY
{¶ 1} Rhonda S. Willis appeals the Scioto County Common Pleas Court's judgment in favor of John W. Martin on her personal injury claim. Willis contends that the trial court erred by denying her motion in limine to exclude Martin's expert witness's testimony. We do not address this issue because such rulings are interlocutory and made by a court only in anticipation of its actual ruling on the same issue at trial. Willis also contends that the trial court erred in violation of Evid. R. 702 in permitting Martin's expert to offer his opinion on matters beyond his area of expertise. Because Willis waived this issue, and because Martin properly established that his expert possesses specialized knowledge relating to the chiropractic treatment of injuries resulting from automobile accidents, we disagree. Willis further maintains that the trial court committed plain error in violation of Evid. R. 703 when it allowed Martin's expert witness to rely upon documents not in evidence to form his opinion. Because the record reveals that the expert based his opinion in major part upon facts admitted into evidence at trial, we disagree. Finally, Willis contends that the trial court abused its discretion by limiting her cross-examination of the expert with certain documents. Because Willis did not demonstrate that she suffered any prejudice from the restriction, we disagree. Accordingly, we do not address Willis's first assignment of error (motion in limine argument), overrule her remaining assignments of error, and affirm the judgment of the trial court.
 I. {¶ 2} On September 8, 2004, Martin rear-ended Willis's car with his van. The parties exchanged information, and the New Boston Police Department generated a report. Neither vehicle sustained damage as a result of the accident. The parties dispute whether Willis complained of pain or injury at the time of the accident. Willis refused treatment at the scene of the accident.
 {¶ 3} Willis returned to her job as a receptionist and assistant at Barker Chiropractic in Wheelersburg, Ohio. She told her boss, Dr. Barker, about the accident and the discomfort she had begun to experience. Dr. Barker began treating Willis that afternoon. He continued treating Willis through November 16, 2004. Willis received 32 treatments from Dr. Barker and treatments from a massage therapist who also works for Barker Chiropractic. Dr. Barker opined that the treatment he provided Willis as a result of the accident was reasonable and necessary. He billed Willis $3,906.
 {¶ 4} Willis filed a complaint against Martin asserting claims for permanent injury, pain and suffering, and medical expenses arising from Martin's negligence.
 {¶ 5} Willis took a discovery deposition of Martin's expert, Dr. Kenneth Jenkins. During his deposition, Dr. Jenkins testified that he reviewed Dr. Barker's records and formed an opinion about the reasonableness of Willis's claimed medical expenses. Dr. Jenkins opined, based upon Dr. Barker's records and Willis's subjective complaints, that Dr. Barker's treatment of Willis was not related to the car accident. Dr. Jenkins testified Martin also provided him with copies of an estimate for repair of Willis's vehicle, a check issued to Willis from Allstate Insurance Company in the amount of $11, and a photo of Willis's vehicle. Dr. Jenkins stated that none of these items were "important" or "the basis of" his opinion, but that each was a "factor" he considered in rendering his opinion.
 {¶ 6} Willis filed a motion in limine seeking to prevent Dr. Jenkins from testifying at trial. Willis argued that Dr. Jenkins's opinion was based on three documents that would not be admitted into evidence at trial. Additionally, Willis argued that Dr. Jenkins was not qualified to render an opinion from a biomechanical standpoint of whether Willis could have sustained injuries based on the low-impact nature of the accident.
 {¶ 7} Each of the three documents at issue revealed that Allstate insured Martin. The court determined that Dr. Jenkins's review of the insurance documents did not disqualify him from testifying as an expert. Additionally, the court ruled that Willis could use the insurance documents on cross-examination if she redacted Allstate's name from the documents. At the hearing, Willis proffered the repair estimate and the $11 check without redacting Allstate's name. She did not proffer the accident report.
 {¶ 8} The trial court also ruled that Dr. Jenkins was not a biomechanical expert, and indicated that it would not permit Dr. Jenkins to testify as to matters requiring the expertise of a biomechanical expert.
 {¶ 9} At the jury trial, Willis testified that the impact of the accident threw her back against her seat and then forward. Martin testified that the impact felt like his car merely touched Willis's bumper, and that he barely felt the accident. Martin's wife, Joyce Martin, testified that she believed her husband must have let up on the brake, causing their vehicle to roll into Willis's car. Both parties testified that traffic was very heavy and barely moving at the time of the accident. Both parties also testified that neither vehicle was damaged in the accident. Martin submitted a photograph depicting the lack of damage to Willis's car into evidence.
 {¶ 10} Dr. Barker testified that all the treatments he provided to Willis were reasonable and necessary as a result of injuries she sustained in the accident. Willis offered Dr. Barker's records for all 32 of her office treatments, including his examination notes, progress notes, diagnosis sheets, the massage therapy records, and bills. Dr. Barker stated that he continued to treat Willis for 32 visits because Willis continued to improve over the course of treatment. He stated that once he determined Willis would not derive further benefit from treatment, he stopped treating her.
 {¶ 11} Immediately after Martin called Dr. Jenkins as a witness, Willis's counsel requested a bench conference. The court's recording equipment did not record the contents of the bench conference. The record does not contain an objection to Dr. Jenkins's testimony from Willis.
 {¶ 12} Dr. Jenkins opined to a reasonable degree of chiropractic certainty, based on Dr. Barker's records and bills, as well as the trial testimony, that Willis "did not sustain an injury as a result of this low impact accident." Willis did not object to this testimony. Dr. Jenkins noted that Dr. Barker's records indicated that Willis's subjective complaints remained the same throughout the course of treatment, and that Dr. Barker did not conduct objective tests to verify her complaints. Dr. Jenkins opined that Dr. Barker did not follow protocol, such as referring Willis for an MRI after ten or twelve visits did not relieve her pain.
 {¶ 13} Dr. Jenkins testified that when conducting peer reviews of another chiropractor's treatment, he looks primarily at the doctor's records. Additionally, he testified he typically reviews items such as accident reports, photographs and repair records because they form part of the "puzzle." Dr. Jenkins maintained that such items are merely "factors" he reviews, and that they do not form the basis for his opinion.
 {¶ 14} On cross-examination, Dr. Jenkins agreed the he received a copy of the $11 property damage check and used it in rendering his opinion. He also stated that the repair estimate provided to him was a factor he used. Willis did not proffer either of these documents as evidence at trial. Willis did not question Dr. Jenkins about the accident report.
 {¶ 15} The jury returned a verdict in favor of Martin. Willis appeals, asserting the following assignments of error: I. "The trial court erred by denying plaintiff's motion in limine to prohibit testimony from defendant's expert witness." II. "The trial court erred by restricting plaintiff's cross-examination of defendant's expert on documents he acknowledged form his opinions." III. "Defendant's expert's testimony was plain error under the Ohio Rule Evidence 703 and should have been stricken by the trial court." IV. "The trial court erred by permitting defendant's expert to espouse opinions outside his field of expertise in violation of Ohio Rule of Evidence 702."
 II. {¶ 16} In her first assignment of error, Willis asserts that the trial court erred in overruling her motion in limine. We do not address this assignment of error.
 {¶ 17} Appellate courts do not directly review in limine rulings. Flannery v. Ohio Valley Orthopaedics Sports (Nov. 3, 2000), Hamilton App. Nos. C-990807 C-000056. See, also, Statev. White (Oct. 21, 1996), Gallia App. No. 95CA08. Such rulings are interlocutory and made by a court only in anticipation of its actual ruling on evidentiary issues at trial. McCabe/Marra Co.v. Dover (1995), 100 Ohio App.3d 139, 160; Collins v. StorerCommunications, Inc. (1989), 65 Ohio App.3d 443, 446. Because the trial court's ruling is interlocutory, the court can change its ruling at trial. Thus, filing and arguing a motion in limine, i.e. objecting before trial, does not preserve an error in the admission or exclusion of evidence for review. Flannery, supra. See State v. Hill (1996), 75 Ohio St.3d 195, 202-203. Instead, "[a] proper objection must be raised at trial to preserve error."State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus; Flannery.
 {¶ 18} Accordingly, we decline to consider Willis's first assignment of error.
 III. {¶ 19} In her fourth assignment of error, Willis asserts that the trial court erred by permitting Dr. Jenkins to testify to matters outside his area of expertise, contrary to the court's ruling on the motion in limine and contrary to Evid.R. 702.
 {¶ 20} Evid.R. 702(B) provides that an expert witness must be qualified as such "by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony." The determination of whether a witness possesses the qualifications necessary to allow expert testimony lies within the sound discretion of the trial court. In addition, the qualification of an expert witness will not be reversed unless there is a clear showing of an abuse of discretion on the part of the trial court. State v. Maupin (1975), 42 Ohio St.2d 473,479; State v. Minor (1988), 47 Ohio App.3d 22.
 {¶ 21} A trial court has broad discretion in the admission or exclusion of evidence. Urbana ex rel. Newlin v. Downing (1989),43 Ohio St.3d 109, 113. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. So long as a trial court exercises its discretion in accordance with the rules of procedure and evidence, a reviewing court will not reverse that judgment absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. Rigby v. Lake Cty.
(1991), 58 Ohio St.3d 269, 271; State v. Hymore (1967),9 Ohio St.2d 122.
 {¶ 22} Willis did not object to Dr. Jenkins's testimony at trial. Although Willis's counsel requested a bench conference immediately after Martin called Dr. Jenkins to testify, he did not state an objection for the record. Willis's counsel attached an affidavit to his reply brief indicating that he stated his objections during the bench conference and assumed that the microphone on the judge's podium recorded the objections.
 {¶ 23} When a full transcript is not available, the appellant may provide either a narrative statement of the proceedings pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D). The appellant bears the burden of attempting to reconstruct the record with a narrative or statement prepared pursuant to App.R. 9 if the appellant intends to rely upon the missing portions of the transcript in his assignment of error.State v. Ward, Gallia App. No. 03CA2, 2003-Ohio-5650; State v.Drake (1991), 73 Ohio App.3d 640, 647; See, also, State v.Davis (1991), 62 Ohio St.3d 326, 347.
 {¶ 24} App.R. 9(A) limits an appellate court's consideration to "original papers and exhibits thereto filed in the trial court." Consequently, we cannot consider the affidavit attached to Willis's brief because it is not part of the record. State v.Puckett, 143 Ohio App.3d 132, 135, 2001-Ohio-2463, citing Statev. Callihan (1992), 80 Ohio App.3d 184, 197.
 {¶ 25} Based upon the record before us, Willis did not object to Dr. Jenkins's testimony at trial. Thus, Willis has waived any error.
 {¶ 26} Assuming arguendo that Willis did properly object at trial, i.e. that Dr. Jenkins's testimony violated Evid. R. 702, we still would find that the trial court did not abuse its discretion when it made its ruling.
 {¶ 27} Dr. Jenkins testified that he is not a biomechanical expert. Willis contends that Dr. Jenkins gave an opinion related to the biomechanics of an automobile accident when he opined that it was not "possible" that Willis was injured in the accident.[1]
 {¶ 28} A careful review of the transcript reveals that it was Willis's counsel who used the phrase "not possible" while cross-examining Dr. Jenkins regarding whether he thought Willis's testimony was untruthful:
 {¶ 29} "Q. She says she was injured and you are saying that is not possible?
 {¶ 30} A. That is correct. Yes."
 {¶ 31} Although Dr. Jenkins initially answered affirmatively, within a few sentences he clarified his answer:
 {¶ 32} "A. . . . anything is possible.
 {¶ 33} Q. Well you just said it was not possible that she was injured.
 {¶ 34} A. I said that she, based on what I am looking at and taking all factors into consideration, I am of the belief and conclusion that she did not sustain an injury."
 {¶ 35} Willis did not object to this testimony. In fact, she elicited the testimony during her cross-examination of Dr. Jenkins. "A party will not be permitted to take advantage of an error which he himself invited or induced." Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986),28 Ohio St.3d 20, paragraph one of the syllabus. Thus, to the extent, if any, that the trial court erred in permitting Dr. Jenkins to testify regarding whether Willis could possibly have sustained an injury in the accident, we decline to recognize the error.
 {¶ 36} Willis also asserts that Dr. Jenkins was not qualified to render his opinion as a chiropractor because Dr. Jenkins testified during his deposition that he had never treated a patient injured as a result of a low-impact accident. Willis quotes Dr. Jenkins's deposition testimony, wherein he stated, "I don't believe I've ever had anybody with this low of an impact."
 {¶ 37} Dr. Jenkins's deposition testimony was not offered or admitted at trial. The trial testimony regarding Dr. Jenkins's qualifications reveals that he treats patients injured in a variety of situations, including automobile accidents. Willis did not cross-examine Dr. Jenkins as to what type of automobile accident injuries he has experience treating. Again, Willis made no objection to Dr. Jenkins's qualification to render his opinion as a chiropractor on the record at trial.
 {¶ 38} We find that the trial court did not err, let alone commit plain error, by permitting Dr. Jenkins to testify as an expert. Therefore, the trial court did not abuse its discretion.
 {¶ 39} Accordingly, we overrule Willis's fourth assignment of error.
 IV. {¶ 40} In her third assignment of error, Willis asserts that the trial court erred in permitting Dr. Jenkins's testimony because Dr. Jenkins reviewed documents not in evidence to help him form his expert opinion.
 {¶ 41} Evid.R. 703 provides that "[t]he facts or data in a particular case upon which an expert bases his opinion may be those perceived by him or admitted in evidence at the hearing." The Ohio Supreme Court has held that, as long as an expert bases an opinion at least in major part on facts or data perceived by him or admitted into evidence, Evid.R. 703 is satisfied. Statev. Solomon (1991), 59 Ohio St.3d 124, syllabus.
 {¶ 42} As we concluded above, Willis did not provide this court with an adequate record of her objection to Dr. Jenkins's testimony pursuant to App.R. 9. However, Willis asserts within this assignment of error that the trial court committed plain error. Therefore, we will review the trial court's ruling for plain error.
 {¶ 43} In the civil context, the plain error doctrine applies only in "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the fairness of, and public confidence in, judicial proceedings."Goldfuss v. Davidson, 79 Ohio St.3d 116, 122-123, 1997-Ohio-401. We must exercise extreme caution when invoking the plain error doctrine, and apply it only in exceptional circumstances where the error by the trial court "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Id.
 {¶ 44} Willis asserts that Dr. Jenkins's opinion was based on his knowledge of the low-speed nature of the accident, which he only could have obtained via the three insurance documents. However, the record contains evidence that the accident occurred at a low speed and created only minimal impact. Martin, his wife, and Willis all testified about the speed and impact of the accident. Additionally, the record contains ample evidence that the impact of the accident did not cause damage to either vehicle. Although Martin and his wife testified after Dr. Jenkins testified, "Evid.R. 703 does not specify that only evidence admitted at trial prior to the time the expert testifies may be used as a basis for the expert's opinion." Stephenson v. Goda
(Mar. 15, 1995), Pickaway App. No. 532 (emphasis in original);Loura v. Adler (1995), 105 Ohio App.3d 634, 642. Thus, Willis's argument fails because the record contains evidence regarding the speed and impact of the accident.
 {¶ 45} Additionally, Dr. Jenkins testified that he reviewed the three documents, but that he based his opinion on his review of Dr. Barker's records. Dr. Barker's records were admitted into evidence. Thus, Dr. Jenkins based his opinion in major part upon facts or data in evidence, thereby satisfying the "major part" rule articulated by the Supreme Court in Solomon.
 {¶ 46} This case does not present exceptional circumstances requiring reversal in order to prevent a manifest miscarriage of justice. We find that the trial court did not err, let alone commit plain error, by permitting Dr. Jenkins to testify despite the fact that he reviewed documents not admitted into evidence prior to rendering his opinion.
 {¶ 47} Accordingly, we overrule Willis's third assignment of error.
 V. {¶ 48} In her second assignment of error, Willis contends that the trial court erred by restricting her cross-examination of Dr. Jenkins on the insurance documents. At the motion in limine hearing, the trial court ruled that Willis could introduce the three documents if she redacted Allstate's name from the documents. At the hearing, Willis proffered the damage estimate and the check without redacting Allstate's name. She did not proffer the accident report. Additionally, she did not attempt to introduce any of the documents at trial.
 {¶ 49} Willis contends that the trial court abused its discretion, i.e. that its ruling was arbitrary, unreasonable and unconscionable.
 {¶ 50} As we noted above, arguing a motion in limine does not preserve for appeal an error in the admission or the exclusion of evidence. Hill, 75 Ohio St.3d at 202-203. It is incumbent upon a party to seek the introduction of evidence at trial "by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and preserve any objection on the record for purposes of appeal." State v. Grubb (1986),28 Ohio St.3d 199, paragraph two of the syllabus; Carlo v.Nayman, Cuyahoga App. No. 84542, 2005-Ohio-3130, at ¶ 9.
 {¶ 51} Even if Willis's pre-trial proffer of the documents preserved any error for appeal, Willis does not make any argument as to how the trial court's ruling prejudiced her. All of Willis's arguments concerning the restricted documents focus on the fact that Dr. Jenkins relied upon them for information about the speed and impact of the accident. Willis does not assert that the fact that Martin had insurance affected Dr. Jenkins's opinion in any way. The trial court's restriction on admission of the documents did not prevent Willis from cross-examining Dr. Jenkins about his knowledge of the speed and impact of the accident. Thus, Willis has not demonstrated that she suffered any prejudice as a result of the court's restriction.
 {¶ 52} Willis cites no authority for her contention that the trial court erred in restricting her use of the three documents by requiring redaction of the insurance information. Moreover, Willis failed to demonstrate that she suffered prejudice as a result of the trial court's ruling. Therefore, even if she demonstrated that the trial court committed error, the error would not require reversal. Consequently, we find that the trial court did not abuse its discretion.
 {¶ 53} Accordingly, we overrule her second assignment of error.
 {¶ 54} In conclusion, we overrule each of Willis's assignments of error and affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment and Opinion as to Assignments of Error 2 and 4; Concurs in Judgment Only as to Assignments of Error 1 and 3.
Abele, J.: Concurs in Judgment and Opinion as to Assignments of Error 2, 3 and 4. Concurs in Judgment Only as to Assignment of Error 1.
[1] Willis argues this point within the argument section of her first assignment of error. Because the trial court sustained her motion in limine with regard to biomechanical testimony, and because the testimony Willis quotes occurred at trial, we mention the issue in conjunction with her fourth assignment of error.