DECISION. *Page 2 
{¶ 1} The Morris Investment Company appeals from the trial court's judgment awarding Matthew Adaranijo double damages and costs in an R.C. 5321.16 action to recover a security deposit.
 {¶ 2} Adaranijo rented an apartment from Morris in 2001 and paid a security deposit of $750 as provided in a written lease. The parties renewed the lease three times during the tenancy, with the last renewal beginning on August 1, 2005, and terminating on July 31, 2007. Adaranijo vacated the apartment in October 2006, informed Morris of his departure, and paid rent through November 2006. Morris was unable to rent Adaranijo's apartment for three months and did not return Adaranijo's security deposit.
 {¶ 3} Adaranijo filed this action to recover his security deposit plus statutory double damages. He claimed that he had fully complied with the lease, including the notice provision, and that Morris had breached the lease by allowing the building to deteriorate and by failing to provide sufficient parking. The case was assigned to a magistrate. After a trial, the magistrate found that Morris had not breached the lease and that Adaranijo had breached the lease by terminating it prematurely, despite his compliance with the notice provision. Because of Adaranijo's breach and Morris's attendant damages, the magistrate concluded that Adaranijo's security deposit had not been wrongfully withheld. Thus, he found in favor of Morris.
 {¶ 4} Adaranijo objected to the magistrate's finding that he, rather than Morris, had breached the lease. The trial court sustained the objection in part. The court held that because Adaranijo had complied with the notice provision of the lease, he had not forfeited his security deposit. The court awarded Adaranijo the damages that he had requested.
 {¶ 5} In this appeal, Morris argues that the trial court erred as a matter of law in construing the lease provisions. We agree. *Page 3 
 {¶ 6} A lease is a contract.[1] The construction of a written contract is a matter of law for the court.[2] The court must read the contract as a whole and give effect to each provision if it is reasonable to do so.[3] Moreover, the court must enforce the plain and ordinary meaning of the language as written if it is unambiguous.[4]
 {¶ 7} The contract at issue provided that Morris would rent an apartment to Adaranijo for a term beginning on August 1, 2005, and terminating on July 31, 2007. Adaranijo agreed to pay $18,360 in rent in equal monthly installments of $765. Paragraph one of the lease required Adaranijo to pay a deposit of $750 as "security for the faithful performance" of the lease, and it further provided that any portion of this deposit "not used or not required to be used" would be returned to Adaranijo.
 {¶ 8} The first sentence in paragraph eight of the lease contained the lease's notice requirement, providing for the forfeiture of a security deposit if the tenant did not provide the required notice before terminating the lease. Importantly, the very next sentence in the paragraph provided, "[S]aid notification does not negate any/all remaining Lease term[s]." The trial court failed to consider this final sentence when it entered judgment in favor of Adaranijo.
 {¶ 9} When all the provisions of the lease are considered, the plain and ordinary meaning of the language demonstrates the parties' intent that compliance with the notice provision would not excuse full performance of the lease's other terms. Thus, the duration of the lease was unaffected by Adaranijo's notice, and Adaranijo's failure to pay rent through July 2007 was a material breach of the lease. Where Adaranijo's breach caused damages in excess of his security deposit, he was not entitled to a return of the deposit.[5] *Page 4 
 {¶ 10} We sustain the assignment of error, as the trial court erred by ignoring the unambiguous terms of the lease. Accordingly, we reverse the trial court's judgment and enter final judgment in favor of Morris.
Judgment accordingly.
PAINTER, P. J., HENDON and CUNNINGHAM, JJ.
[1] Pool v. Insignia Residential Group (1999), 136 Ohio App.3d 266,270, 736 N.E.2d 507.
[2] Saunders v. Mortensen, 101 Ohio St.3d 86, 2004-Ohio-24,801 N.E.2d 452, at ¶ 9.
[3] Id. at ¶ 16.
[4] Id. at ¶ 9.
[5] See R.C. 5321.16(B); Vardeman v. Llewellyn (1985),17 Ohio St.3d 24, 476 N.E.2d 1038. *Page 1