[Cite as *Dean v. Cincinnati Metro. Hous. Auth.*, 2012-Ohio-2265.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CECILLE DEAN, | : | APPEAL NO. C-110673 |
| | | TRIAL NO. 10CV-29134 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CINCINNATI METROPOLITAN | : | |
| HOUSING AUTHORITY, | | |
| | : | |
| Defendant-Appellant. | | |
| | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Final Judgment Entered

Date of Judgment Entry on Appeal:  May 23, 2012

*Cohen, Todd, Kite & Stanford, LLC,* and *Michael R. Schmidt,* for Plaintiff-Appellee,

*Joy E. Gazaway,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant Cincinnati Metropolitan Housing Authority ("CMHA") appeals the judgment of the Hamilton County Municipal Court awarding damages to plaintiff-appellee Cecille Dean for breach of a residential lease. The court entered the judgment following a bench trial.

### The Removal and Destruction of Dean's Automobile

{¶2}     Dean was a tenant in one of CMHA's public-housing complexes. Her lease with CMHA included the following language under the heading "Tenant's Obligations":

> Must remove from CMHA property any vehicles without valid registration and/or current tags and inspection stickers, or any vehicle determined to be inoperable or not roadworthy. No vehicle repairs are permitted on CMHA property. To park only in marked parking spaces and to refrain from parking any vehicle in any right-of-way, yard or fire lane. CMHA reserves the right to remove any vehicle from its premises after notice is given by posting the notice on the vehicle.

{¶3}     In 2008, Dean bought a 1997 Cadillac from her son. Some time after purchasing the car, she received permission to park in the back parking lot of the apartment complex. On April 20, 2010, CMHA posted a warning on the car for leaking oil and "being inactive." CMHA posted a second warning on the car on April 22, 2010, for the same alleged violation.

{¶4}     On April 28, 2010, CMHA had an independent towing company remove the car from CMHA property and take it to an impound lot. Dean did not attempt to recover the car until months later, by which time the car had been

2

destroyed. Dean filed a complaint seeking compensation for the loss of her car, setting forth causes of action for breach of the lease and negligence.

{¶5} At trial, Dean testified that the car was in "excellent" condition and remained operable throughout the time it was parked on CMHA property. Although she could see the parked car from her apartment window, she testified that she had not seen the warning notices that had been posted.

{¶6} The trial court entered judgment in favor of Dean in the amount of $2,000, which was the court's assessment of the value of the 2007 Cadillac. Though the court did not specifically state the basis of its judgment, it did state before trial that it was deciding the case as a contractual dispute and not as a tort case that would implicate the immunity provisions of R.C. Chapter 2744.

### The Alleged Breach of the Lease

{¶7} In its first assignment of error, CMHA argues that the trial court erred in holding that CMHA had violated the lease by having Dean's car removed from the parking lot. Specifically, CMHA contends that the trial court erred in its apparent conclusion that CMHA had a duty to prove that the car was inoperable to justify its removal.

{¶8} A lease is a contract. *Adaranijo v. Morris Invest. Co.,* 1st Dist. No. C-070453, 2008-Ohio-2705, ¶ 6. The court must construe the contract as a whole and give effect to each of its provisions if it is reasonable to do so. *Saunders v. Mortensen,* 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 16. The court must enforce the plain and ordinary meaning of the contract if its terms are unambiguous. *Adaranijo* at ¶ 6, citing *Saunders* at ¶ 9. The construction of a contract is a question of law, and we accordingly review the judgment of the trial court de novo. *Cincinnati*

*Entertainment Assoc., Ltd. v. Bd. of Commrs. of Hamilton Cty.*, 141 Ohio App.3d 803, 810, 753 N.E.2d 884 (1st Dist.2001).

{¶9} In the case at bar, the trial court erred in holding that CMHA was required to demonstrate that Dean's car was inoperable or unroadworthy. Under the plain terms of the lease, CMHA reserved the right to remove "any vehicle" from the premises after giving notice of its intent to do so. The right to remove was simply not conditioned on the vehicle being inoperable.

{¶10} Although the clause of the lease regarding removal of cars does address roadworthiness, the provision is listed under the category of "Tenant's Obligations" and provides that a *tenant* is required to remove any inoperable vehicle; the clause does not restrict CMHA's ability to remove vehicles based on their condition. And while the notices placed on Dean's car listed "leaking oil and being inactive" as the reasons for the violations, CMHA was not required, under the terms of the lease, to prove the existence of those violations as a prerequisite to towing the vehicle. Accordingly, we hold that the trial court improperly awarded damages for the breach of the lease, and we sustain the first assignment of error.

### Applicability of R.C. Chapter 2744

{¶11} In its second and final assignment of error, CMHA argues that, to the extent that the trial court premised its finding of liability on alleged tortious conduct of CMHA, its judgment was improper under R.C. Chapter 2744. As we have already noted, the basis of the trial court's judgment was that CMHA had breached the lease. The second assignment of error is moot, and we therefore need not address it on its merits.

## Conclusion

{¶12}     We reverse the judgment of the trial court and enter judgment in favor of CMHA as to all of Dean's claims.

Judgment reversed and final judgment entered.

**CUNNINGHAM** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.