[Cite as *Swaters v. Lawson*, 2014-Ohio-2252.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FLORENCE SWATERS, | : | APPEAL NOS. C-130604 |
| | | C-130627 |
| Plaintiff-Appellee, | : | TRIAL NO. A-1001370 |
| vs. | : | |
| KRISTINE KLEVE LAWSON, | : | *O P I N I O N.* |
| and | : | |
| JOSEPH L. FORD III, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| CHRISTOPHER GARDNER, | : | |
| Intervenor-Appellee. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Final Judgment Entered

Date of Judgment Entry on Appeal:  May 28, 2014

*Graydon, Head & Ritchey LLP, Scott K. Jones* and *Stacy A. Cole,* for Plaintiff-Appellee Florence Swaters,

*Timothy A. Smith,* for Defendant-Appellant Kristine Kleve Lawson,

*Joseph L. Ford III,* pro se,

*Gottesman & Associates* and *Zachary Gottesman,* for Intervenor-Appellee.


Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}     Defendants-appellants Kristine Kleve Lawson and Joseph L. Ford III appeal the judgment of the Hamilton County Court of Common Pleas granting a motion to enforce a settlement agreement and dismissing all claims filed in a dispute over the ownership of a vintage automobile.

### Ownership Claims

{¶2}     Plaintiff-appellee Florence Swaters is a resident of Belgium. In February 2010, she filed a complaint alleging that her father Jacques Swaters had purchased the chassis of a vintage Ferrari that had been previously reported stolen in Ohio from Karl Kleve, Lawson's father. According to the complaint, the automobile had been cleared for sale by Belgian authorities, and Jacques Swaters had purchased the car in good faith. Swaters sought possession of the remaining parts of the vehicle from Lawson and others, asserting that her father had settled all ownership issues with Kleve.

{¶3}     Lawson, as a beneficiary of Kleve's estate, filed an answer and counterclaim in which she alleged that Jacques Swaters and others had wrongfully gained possession of the car. The dispute over the ownership of the Ferrari continued for several years, with Ford and intervenor-appellee Christopher Gardner also asserting interests.

{¶4}     In March 2013, the parties executed a document titled "Heads of Agreement." The purpose of the agreement, according to its own terms, was "to extinguish all claims and counterclaims" among the parties in relation to the Ferrari. The agreement provided for delivery of the various automobile parts to an auction house in London and for distribution of the proceeds after the car had been sold.

2

{¶5} The agreement identified the parties as the "BC," the Belgian contingency, and the "OC," the Ohio contingency. Paragraph 2 of the agreement stated the following:

All claims and counterclaims between BC and OC whether, already asserted or not, [sic] are hereby waived and permanently extinguished on distribution of the funds from the sale to the signees of this agreement. BC and the OC parties will promptly enter an agreement discontinuing all action in Ohio in such form as is appropriate under Ohio law.

{¶6} Although Paragraph 2 of the agreement made reference to dismissal under Ohio law, Paragraph 12 stated that "[t]his Agreement shall be governed by English law and any dispute in relation to it will be determined by the High Court of Justice in London."

{¶7} On July 23, 2013, Florence Swaters filed a motion to enforce the Heads of Agreement and to dismiss the action. On August 19, 2013, the trial court issued a judgment entry granting the motion. In its entry, the court made specific orders concerning the delivery of the various parts of the Ferrari, the transfer of title, and the disposition of the proceeds from the auction. In the same judgment entry, the court dismissed all pending claims and counterclaims with prejudice.

## The Motion to Dismiss the Instant Appeal as Moot

{¶8} As a threshold issue, we must address the appellees' motion to dismiss the appeals on the basis that judgment has been satisfied and that the appeals are therefore moot. In support of the motion, Swaters and Gardner have submitted an affidavit and other documents purporting to demonstrate that Lawson and Ford have fulfilled their obligations under the agreement and under the trial court's order enforcing that agreement.

{¶9}     We find no merit in the motion to dismiss.  The affidavit and other exhibits submitted to this court by Swaters and Gardner were not before the trial court and are not part of the appellate record within the meaning of App.R. 9(A).  *See, e.g., Willis v. Martin,* 4th Dist. Scioto No. 06CA3053, 2006-Ohio-4846, ¶ 24 (affidavit submitted to the court of appeals but not to the trial court was not cognizable under App.R. 9).  Thus, we cannot consider those materials, and we hereby overrule the motion to dismiss.

### The Trial Court's Enforcement of the Settlement Agreement

{¶10}     We turn now to the merits of the appeals.  In three related assignments of error, Lawson and Ford argue that the trial court erred in dismissing their claims prior to the distribution of the proceeds of sale; that the court erred in holding that the Heads of Agreement was enforceable; and that the court erred in failing to find Florence Swaters in breach of the agreement.  Because we conclude that the trial court erred in failing to enforce the forum-selection clause in paragraph 12 of the agreement, we reverse the judgment.

{¶11}     A court must construe a contract as a whole and give effect to each of its provisions if it is reasonable to do so.  *Saunders v. Mortensen,* 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 16.  The court must enforce the plain and ordinary meaning of the contract if its terms are unambiguous. *Adaranijo v. Morris Invest. Co.,* 1st Dist. Hamilton No. C-070453, 2008-Ohio-2705, ¶ 6, citing *Saunders* at ¶ 9.  The construction of a contract is a question of law, and we accordingly review the judgment of the trial court de novo.  *Cincinnati Entertainment Assoc., Ltd. v. Bd. of Commrs. of Hamilton Cty.*, 141 Ohio App.3d 803, 810, 753 N.E.2d 884 (1st Dist.2001).

4

{¶12} "Forum-selection clauses are 'presumptively valid' and have generally been enforced." *Zilbert v. Proficio Mtge. Ventures, L.L.C.,* 8th Dist. Cuyahoga No. 100299, 2014-Ohio-1838, ¶ 20, citing *Conway v. Huntington Natl. Bank,* 10th Dist. Franklin No. 11AP-1105, 2013-Ohio-1201.

{¶13} In this case, the parties do not dispute the validity of the forum-selection clause. The clause unambiguously requires any dispute arising under the Heads of Agreement to be resolved in the High Court of Justice in London. Thus, the trial court erred in enforcing the terms of the Heads of Agreement, because the forum-selection clause divested it of any authority to implement the agreement. And because the trial court's dismissal of all claims was based on the erroneous premise that the court had the authority to enforce the agreement, the granting of the motion to dismiss was also improper.

{¶14} Therefore, to the extent that Lawson and Ford contend that the trial court erred in enforcing the Heads of Agreement and in dismissing the claims, we sustain the assignments of error.

## Conclusion

{¶15} We reverse the judgment of the trial court and enter judgment denying the motion to enforce the Heads of Agreement and reinstating the pending claims dismissed by the trial court.

*Judgment reversed and final judgment entered.*

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.