[Cite as *Hoffman v. Maisons Lafayette Condominium Block A Owners' Assn.*, 2014-Ohio-4645.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| EVA HOFFMAN, | : | APPEAL NO. C-140091 |
| | | TRIAL NO. A-1307424 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| MAISONS LAFAYETTE | : | |
| CONDOMINIUM BLOCK A OWNERS' | | |
| ASSOCIATION, INC., | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 22, 2014

*Pinales Stachler Young Burrell & Crouse* and *W. Kelly Lundrigan,* for Plaintiff-Appellant,

*Kaman & Cusimano, LLC, Robert E. Kmiecik* and *Vincent P. Zuccaro,* for Defendant-Appellee.

 Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Plaintiff-appellant Eva Hoffman appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee Maisons Lafayette Condominium Block A Owners' Association, Inc., ("the Association") in a suit involving a tennis court at the condominium complex.

### Hoffman's Suit to Keep the Tennis Court

{¶2}     Hoffman enjoys playing tennis.  In 1986, she bought a unit in the Masions Lafayette condominium complex, which had a tennis court for the common use of unit owners.

{¶3}     The ownership and maintenance of the complex is governed by its Declaration.  Section 13.01 of the Declaration, addressing amendments to the Declaration by unit owners, provides the following:

> Any amendment to the Declaration by the Unit Owners shall require the affirmative vote of those Unit Owners exercising not less than seventy-five percent (75%) of the voting power of the Association.   * * *  Notwithstanding the above the consent of all affected Unit Owners and affected first mortgagees shall be required for any amendment changing the boundaries of their Units, the undivided interest in the Common Elements appertaining to their Units, the liability for Common Expenses appertaining to their Units, or the number of votes in the Association appertaining to their Units.

{¶4}     Through the years, the tennis court deteriorated, and in 2013 the Association proposed an amendment to the Declaration that would result in the

removal of the tennis court. The Association circulated ballots to the unit owners, who approved the amendment by not less than a 75 percent majority.

{¶5} Hoffman filed suit for declaratory and injunctive relief, contending that the Declaration required a unanimous vote to remove the tennis court. After the parties had filed cross-motions for summary judgment, the trial court entered summary judgment in favor of the Association.

### The Trial Court's Construction of the Declaration

{¶6} In her first assignment of error, Hoffman argues that the trial court erred in entering summary judgment in favor of the Association.

{¶7} Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). This court reviews a ruling on summary judgment de novo. *Jorg v. Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, ¶ 6 (1st Dist.).

{¶8} A condominium declaration is a contract between the unit owner and the homeowners' association. *Behm v. Victory Lane Unit Owners' Assn.,* 133 Ohio App.3d 484, 487, 728 N.E.2d 1093 (1st Dist.1999); *Koler v. Grand Harbour Condominium Owners' Assn.,* 6th Dist. Erie No. E-13-046, 2014-Ohio-1299, ¶ 7. In general, the construction of a contract is a question of law. *Swaters v. Lawson,* 1st Dist. Hamilton Nos. C-130604 and C-130627, 2014-Ohio-2252, ¶ 11.

3

{¶9}    In this case, we find no error in the trial court's judgment.  With respect to common property, the language of section 13.01 requires a unanimous vote only when an amendment would affect an owner's "undivided interest" in the common elements, and not when the common elements themselves are altered.  For all other amendments, a 75 percent vote of the owners' shares is sufficient.

{¶10}    Hoffman notes, though, that the method of calculating the *percentage* of each owner's interest in the common elements is addressed in section 2.06 of the Declaration.  And under section 2.06, "[t]his percentage of ownership interest may not be changed without an Amendment to the Declaration unanimously approved by all unit owners."

{¶11}    Hoffman contends that the use of the term "undivided interest" in section 13.01 stands in contrast to the "percentage" interest as calculated in section 2.06.  According to Hoffman, "undivided interest" must then refer to the owner's interest in the specific common elements as they existed at the time of purchase and not to any change in the percentage interest.  She therefore maintains that, when the two sections are construed together, the removal of the tennis court was a subject that required a unanimous vote.

{¶12}    We are not persuaded by this argument.  Section 13.01 merely addresses a broader topic than that addressed in section 2.06.  The protection afforded under section 13.01 is that an owner's rights and liabilities may not be diminished by less than a unanimous vote.  In the case of removing the tennis court, there is no infringement of rights because all unit owners are affected equally.  If the parties had intended to require a unanimous vote for any change to the common elements themselves, they could have adopted such a requirement in plain terms.

{¶13} Hoffman relies heavily on a case decided by the Franklin County Court of Common Pleas, *Grimes v. Moreland,* 41 Ohio Misc. 69, 322 N.E.2d 699 (C.P.1974). In *Grimes,* the homeowners' association had erected a fence enclosing a portion of the common area for the installation of air-conditioning equipment. *Id.* at 73. The *Grimes* court held that a unanimous vote of the owners was required because the enclosure had constituted a taking of property by reducing the amount of common area shared by the unit owners. *Id.* at 74.

{¶14} The case at bar is distinguishable from *Grimes.* As the trial court correctly noted, the removal of the tennis court in this case did not result in the taking of property from Hoffman; it merely changed the character of the common property. Because there was no change in the unit owners' undivided interest in the common elements, a unanimous vote was not required.

{¶15} Moreover, we find no merit in Hoffman's contention that the Association violated state law in its decision regarding the tennis court. R.C. 5311.04(E) states that "the undivided interest in the common elements of each unit as expressed in the original declaration shall not be altered except by an amendment to the declaration unanimously approved by all unit owners affected." This statutory language provides the same protection afforded by section 13.01 of the Declaration in this case and does not alter the meaning of "undivided interest" that we have already discussed. We overrule the first assignment of error.

### Injunctive Relief

{¶16} In her second and final assignment of error, Hoffman argues that the trial court erred in refusing to enjoin the Association from amending the Declaration. Having already held that the Association acted in accordance with the Declaration,

we also hold that Hoffman was not entitled to injunctive relief. Accordingly, we overrule the second assignment of error.

## Conclusion

{¶17}   We affirm the judgment of the trial court.

Judgment affirmed.

**HENDON** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.